IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| CHRISTOPHER STALP, JOYCE STALP, TIMOTHY STALP,<br><br>           Plaintiffs,<br><br>     vs.<br><br>EXCELLUS HEALTH PLAN, INC., A foreign corporation;<br><br>           Defendant. | **8:11CV226**<br><br>**MEMORANDUM AND ORDER** |

This matter is before the court on the defendant's motion for partial summary judgment, Filing No. 16, and on the plaintiffs' objection thereto, Filing No. 24.[1] This is an action seeking damages for breach of contract, bad faith, and unfair claims settlement practices in connection with denials of claims for health insurance benefits. Filing No. 3, Amended Complaint. In their Amended Complaint, plaintiffs Christopher Stalp, Joyce Stalp, and Timothy Stalp ("the Stalps") allege they are insured under a health insurance policy provided by Excellus Health Plan, Inc. ("Excellus") and that Excellus wrongfully refused to pay claims for mental health treatment benefits. *Id.* at 2-3. The plaintiffs premise jurisdiction on diversity of citizenship under 28 U.S.C. § 1332.

Excellus asserts that the plaintiffs' claims are preempted by ERISA, 29 U.S.C. § 1001 *et seq.* However, it has no objection to the plaintiffs filing of an amended complaint asserting claims under ERISA. The Stalps oppose the motion, contending the insurance policy at issue is not an employee welfare benefit plan as defined by the

_____

[1] The objection is properly viewed as a response to the motion and will be treated as such.

statute. Alternatively, the Stalps seek leave to file an amended complaint alleging a claim under ERISA.

## I. Facts

The following facts are gleaned from the parties' statements of undisputed facts. See Filing No. 17, Defendant's brief at 1-3; Filing No. 24, Plaintiffs' Brief at 1 (admitting undisputed facts 1-4 and 6-7). The undisputed evidence shows that the Timothy Stalp obtained the health insurance at issue as a benefit of his employment by Stalp Ready Mix. Stalp Ready Mix is a sand and gravel business that primarily sells products and provides services to agricultural customers. Stalp Ready Mix provided health insurance, through the Excellus policy, to employees other than Timothy Stalp. At all relevant times, plaintiffs Timothy and Joyce Stalp and their dependent son, Christopher, were covered under a health insurance policy provided by Stalp Ready Mix and issued by the defendant, Excellus. Stalp Ready Mix paid the health insurance premiums for Timothy Stalp and for other employees as a benefit of their respective employments. The group benefit plan offered through Agri-Services Agency, LLC ("ASA"), including the Excellus health insurance policy at issue here, is sponsored by Dairylea Group, a marketing cooperative that includes farm producers, other cooperatives and their members, and employers who directly support agriculture, and provides benefits to the employees of the employer-members. The benefit plan is not part of a collective bargaining agreement, nor is it established by a rural electric cooperative or a rural telephone cooperative association.

Documents submitted in connection with the motion show that a booklet and summary describing coverage under the Excellus Blue Cross Blue Shield Health

Benefits Plan is included in the "Summary Plan Description Information (The Employee Retirement Income Security Act of 1974)" ("SPD").  Filing No. 19, Ex. A, Affidavit of Erin E. Busch ("Busch Aff."), Ex. 4, Summary Plan Document ("SPD") at 1.  It describes the type of plan as a "Welfare benefit plan providing Health, Dental, Life Insurance, Long Term Disability and Employee Assistance Plan Benefits" to "Dairylea Cooperative Inc. and its wholly owned subsidiary Agri-Services Agency, L.L.C." as employer/plan sponsor.  *Id.*  Under "contributions to the plan," the SPD states the plan is funded by a combination of employer and employee contributions.  *Id.* at 2.  The plan administrator is Agri-Services agency, L.L.C.  *Id.*  Excellus Blue Cross BlueShield is responsible for plan administrative duties and processing of claims.  *Id.*  The SPD also includes a "statement of ERISA rights."  *Id.* at 6.

## II.  Law

ERISA fully preempts any state law that "relate[s] to" any employee benefit plan. 29 U.S.C. § 1144(b).  As a preliminary matter, a court must determine if the policy at issue is a "plan" within the meaning of ERISA because the existence of a "plan" is a prerequisite to the jurisdiction of ERISA.  *Johnston v. Paul Revere Life Ins. Co.*, 241 F.3d 623, 629 (8th Cir. 2001).  ERISA defines a "plan" as "an employee welfare benefit plan." 29 U.S.C. § 1002(3).  ERISA further defines an "employee welfare benefit plan," in pertinent part, as "any plan, fund, or program . . . established or maintained by an employer . . . for the purpose of providing . . . benefits in the event of sickness, accident, disability, death or unemployment." 29 U.S.C. § 1002(1).  This preemption language is "conspicuous for its breadth." *FMC Corp. v. Holliday*, 498 U.S. 52, 58 (1990).

3

In determining whether a plan is "a reality," a court must look at the surrounding circumstances to determine whether "a reasonable person could ascertain the intended benefits, beneficiaries, source of financing, and procedures for receiving benefits." *Johnston*, 241 F.3d at 629 (quoting *Harris v. Arkansas Book Co.*, 794 F.2d 358, 360 (8th Cir. 1986)). "[A]n employer's payment of insurance premiums, standing alone, is substantial evidence of the existence of an ERISA plan." *Robinson v. Linomaz*, 58 F.3d 365, 368 (8th Cir.1995) (collecting cases); *see also Credit Managers Ass'n of S. Cal. v. Kennesaw Life & Accident Ins. Co.*, 809 F.2d 617, 625 (9th Cir. 1987) (noting that "[a]n employer . . . can establish an ERISA plan rather easily . . . unless it is a mere advertiser who makes no contributions on behalf of its employees"). Although "[p]lans that cover only sole owners or partners and their spouses . . . fall outside [ERISA's] domain," plans that cover a working owner or partner and at least one non-owner employee are considered employee benefit plans and thus "fall entirely within ERISA's compass." *See Raymond B. Yates, M.D., P.C. Profit Sharing Plan v. Hendon*, 541 U.S. 1, 21 (2004).

ERISA preempts "'state common law tort and contract actions asserting improper processing of a claim for benefits' under an ERISA plan." *Thompson v. Gencare Health Sys., Inc.*, 202 F.3d 1072, 1073 (8th Cir. 2000) (quoting *Pilot Life Ins. Co. v. Dedeaux*, 481 U.S. 41, 43 (1987)); *see Aetna Health Inc. v. Davila*, 542 U.S. 200, 207-08 (2004) ("any state-law cause of action that duplicates, supplements, or supplants the ERISA civil enforcement remedy conflicts with the clear congressional intent to make the ERISA remedy exclusive and is therefore pre-empted").

**III. Discussion**

Because the essence of the plaintiffs' claims relates to the administration of plan benefits, it falls within the scope of ERISA. It is evident that a reasonable person could conclude that Stalp Ready Mix maintained a plan, within the meaning of ERISA, that offered health insurance benefits to its employees. There is no dispute that Stalp Ready Mix paid part of the premiums. Further, plaintiffs acknowledge that other employees are covered under the policy. Accordingly, the court finds the policy at issue is an employee welfare benefit plan and plaintiffs' state law claims are preempted by ERISA. Both parties urge the court to grant the plaintiffs leave to file an amended complaint. Accordingly,

IT IS ORERED:

1. The defendant's motion for partial summary judgment (Filing No. 16) is granted.

2. The plaintiffs' objection thereto (Filing No. 24) is denied.

3. The plaintiffs shall file an amended complaint within 14 days of the date of this order.

DATED this 22nd day of August, 2012.

BY THE COURT:

s/ Joseph F. Bataillon
United States District Judge